Harper, J.
delivered the opinion of the Court.
The first question made in the case is, in reality, whether the absent defendant can appear and plead without putting in special bail. Apart from the shewing, of the husband’s death, the wife could only appear as attorney to represent and defend him. This question has been fully settled by the cases of Acock v. Linn & Lansdown, State Rep. 368, and Fife & Co. v. Clarke, 3 M‘C. 347, in which it is held that he cannot appear. The condition of putting in special bail before the party shall be allowed to plead, is not prescribed by the express terms of the' attachment act, but was established by practice, and the analogy of law. The eighth section oe the act applies, only where a person shall be desirous to appear to the action as attorney, for the purpose of procuring the delivery of the goods to himself ; in whiel/. case he must give bail to pay the condemnation money.
Whether the wife may suggest the death of the husband in order to abate the suit, is not in question on this motion ; nor is it material, for if he be dead, any judgment obtained against him will be a nullity. If the wife claims the property attached, as having survived to her upon her husband’s death, she may file her suggestion making the claim, and have her right tried. But the present motion must be dismissed.
Motion refused.